

Beth C. Neitzel
155 Seaport Boulevard
Boston, MA 02210-1000
617.832.1000 Main
617.832.7000 Fax
bneitzel@foleyhoag.com

February 26, 2026

Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue, NW
Washington, D.C. 20001

      **RE**: *Climate United Fund, et al. v. Citibank, N.A.*, No. 25-5122

Dear Mr. Cislak:

      I write on behalf of Power Forward Communities, one of the plaintiffs-appellees ("Plaintiffs") in the above-captioned case. At Tuesday's oral argument, the question of the impact of § 60002 of the One Big Beautiful Bill Act (OBBBA) on the grant programs arose repeatedly. To the extent the Court has any concern that § 60002 might affect the merits of Plaintiffs' claims, or might afford EPA a lawful basis on which to shut down the GGRF programs in the future, the Court should order supplemental briefing.

      Section 60002 was not raised below or before the panel due to the timing of its enactment (July 4, 2025). And even at the en banc stage, EPA dedicated just one page of its 58-page opening brief to the new law, arguing—without elaboration—that § 60002 demonstrates that "EPA's decision to terminate the grants clearly comports with and furthers Congress's intent." Br. 48-49; *see* Reply 25.

      Plaintiffs explained why that characterization is wrong, i.e., because § 60002's prospective repeal "did not disturb the already-established grant programs," and its recission of unobligated balances—from which the nonpartisan Congressional Budget Office "estimat[ed] savings of [just] $19 million"—did not purport to "claw back already-obligated (and here, disbursed) funds." Private Appellees' Br. 42-43; *see* State Appellees' Br. 52 (§ 60002's "prospective repeal prevents Congress from appropriating new funds to the GGRF without enacting a new authorizing statute"; it does not unwind the grant programs). But given EPA's (appropriately) limited reliance on § 60002 and the many more central questions at issue in this case, Plaintiffs, too, gave § 60002 little real estate in their briefs.

      The Court should not make any pronouncement about § 60002—let alone suggest that it might afford EPA legitimate alternate grounds to shut down these programs—without more.

February 26, 2026
Page 2

Because EPA invoked (only) § 60002 to eliminate Solar for All, the final GGRF program, the question whether § 60002 authorizes such action is the central issue in multiple lawsuits challenging EPA's dismantling of that program. *See Harris County, Texas v. EPA*, No. 25-cv-03646 (D.D.C.); *Arizona v. EPA*, No. 2:25-cv-02015 (W.D. Wash.); *R.I. AFL-CIO v. EPA*, No. 25-cv-00510 (D.R.I.). And because one of those cases is currently on expedited summary judgment briefing in the district court here, *see* Order Granting Joint Mot. for Expedited Briefing Schedule, *Harris County*, No. 25-cv-03646 (D.D.C. Dec. 8, 2025), ECF 23 (briefing to conclude on March 27, 2026), the question of § 60002's impact on the GGRF grant programs will surely be before this Court soon.

To be sure, given Tuesday's oral argument, the Court might wish to address the question now. During argument, EPA's counsel suggested that a decision from this Court affirming the preliminary injunction based on EPA's violations of the Inflation Reduction Act ("IRA") would be meaningless after § 60002: "Well, the IRA's now gone," so "the day after the mandate goes back," counsel asserted, EPA "could terminate again based on the same grounds" and Plaintiffs would no longer have a statutory claim because there would be "no statute to found it on." Oral Arg. 02:51:20-45.

That is wrong—indeed, as the plaintiffs in the Solar for All cases have argued, such action would violate § 60002 itself. Accordingly, should the Court wish to weigh in on § 60002 now, it should invite supplemental briefing.

Sincerely,

*/s/ Beth C. Neitzel*
Beth C. Neitzel